UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KARLA L. WOOTEN,

    Plaintiff,

v.                                    Case No: 5:20-cv-19-Oc-02PRL

MARK INCH, AS SECRETARY FOR
THE FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff Karla Wooten's Civil Rights Complaint filed pursuant to 42 U.S.C. § 1983. (Doc. 1). For relief in the initial Complaint, Plaintiff sought "an emergency injunction ordering the DOC to transfer me." *Id.* at 5. Plaintiff signed this Complaint on January 8, 2020, *see id.* at 11, 12, and it was docketed on January 13, 2020. On January 27, 2020, a second complaint was docketed. (Doc. 7). This second complaint was signed on December 3, 2019. *Id.* at 19. The second complaint does not specify any requested relief but states she "is not safe at Lowell Main Unit, Lowell Work Camp, Lowell Annex and request this Court's help." *Id.* at 17.

Under the "mailbox rule," a prisoner's filing is deemed filed on the date it was signed and delivered to authorities for mailing. *See Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999). Accordingly, the Court will treat the "initial" complaint (Doc.

1), filed under the mailbox rule on January 8, 2020, as the operative complaint. *See Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011) (an amended complaint supersedes the filing of the initial complaint and becomes the operative pleading).

On January 14, 2020, the Court directed the Warden of Lowell Correctional Institution Annex to file a brief response updating the Court as to the Plaintiff's status. (Doc. 4). The Warden filed a Response titled "Motion to Dismiss" seeking dismissal of the complaint because Plaintiff failed to pay the full filing fee at the inception of the case, Plaintiff was not in imminent danger of serious physical harm at the time she filed the lawsuit, and Plaintiff is otherwise barred from proceeding in federal court by 28 U.S.C. § 1915(g). (Doc. 20).

Section 1915(g) of Title 28 limits a prisoner's ability to bring a civil action *in forma pauperis* under certain circumstances:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed *in forma pauperis* and must pay the filing fee in full at the time the lawsuit is initiated. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Consequently, courts have a responsibility to dismiss cases, even *sua sponte*,

under 28 U.S.C. §1915(g). *See, e.g., Casey v. Scott*, 493 F. App'x 1000, 1001 (11th Cir. 2012).

The Court takes judicial notice of three federal actions previously brought by Plaintiff that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) Karla L. Wooten v. Julianne Holt, 8:08-cv-2332-T-26MAP, (2) Karla L. Wooten v. Julianne Holt, No. 08-17019-F (appeal dismissed as frivolous from the dismissal in 8:08-cv-2332-T-23MAP), and (3) Karla L. Wooten v. Sgt. Jones, 5:11-cv-286-Oc-10TBS. Accordingly, Plaintiff is barred from proceeding as a pauper in a civil action unless she is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In an attempt to avoid the three-strikes bar, Plaintiff states "Plaintiff in imminent danger Lowell staff from Main Unit murdered inmate Latandara Ellington in protective custody." (Doc. 1 at 8). The Court finds that Plaintiff's allegation does not amount to a threat of imminent danger of serious physical injury to her, but is merely a statement of something that happened to another inmate in the past. The plaintiff must provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury. *Brown v. Johnson*, 387 F.3d 1344, 1349-50 (11th Cir. 2004).

Accordingly, upon due consideration, the case is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).[1] Further, in her Reply (Doc. 22), Plaintiff

---

[1] "[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes

3

states she "now wants to stay at Lowell so that she can write daily reports to the FBI, U.S. Dept of Justice and the Miami Herald on Lowell and so that she can watch more Lowell staff be arrested like they have been arrested in the last 6 months." (Doc. 22 at 2). Because Plaintiff appears to be withdrawing her request to be transferred, *see* Doc. 1 at 5, her request for injunctive relief is therefore moot.

It is now **ORDERED** and **ADJUDGED**:

1. This case is hereby **DISMISSED** without prejudice.
2. The Clerk of Court is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Tampa, Florida on March 4th, 2020.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Pro se Plaintiff
Counsel of Record

---

provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).